IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GARY MORGAN, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 6:13cv483 |
| USA TRUCK, INC., *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDADTION OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of Magistrate Judge K. Nicole Mitchell, which contains her findings, conclusions, and recommendation for the disposition of this case, has been presented for consideration. The Report and Recommendation (Doc. No. 74) recommends that Defendant USA Truck Inc.'s Second Motion for Summary Judgment (Doc. No. 66) be granted and that the claim against Defendant USA Truck, Inc. be dismissed with prejudice.

An acknowledgment of receipt card (Doc. No. 75) reveals that Plaintiff received the Report and Recommendation on May 14, 2014. Defendant received the Report and Recommendation electronically on May 12, 2014. Plaintiff filed an Objection to the Report and Recommendation (Doc. No. 76) on May 19, 2014. Plaintiff also filed two notices of appearance (Doc. Nos. 78 & 80) that are construed as additional objections to the Report and Recommendation.

Judge Mitchell's Report and Recommendation found that summary judgment was appropriate because Plaintiff was unable to establish a prima facie case of discriminatory intent.

1

Doc. No. 74 at 4–5. A plaintiff may prove a prima facie case of discrimination by showing: (1) that he is a member of a protected class; (2) who sought employment and was qualified for the available position; (3) but was rejected for that position; and (4) that the employer continued looking for applicants with the plaintiff's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

To be considered for an over-the-road (OTR) driver position with USA Truck, an applicant needed six months of verifiable OTR experience within the previous two years. Doc. No. 66-2 ¶ 5. Based on Plaintiff's application, Defendant determined that Plaintiff did not have the required amount of recent OTR experience. Doc. No. 66-2 ¶ 10. Since he lacked the necessary experience, Plaintiff was told he needed to take a 40-hour refresher course to be qualified for the position. *Id.* 66-2 ¶ 14. It has not been disputed that this was a requirement for the OTR position. Judge Mitchell found that Plaintiff failed to make a prima facie case for discrimination because he did not produce any evidence that he fulfilled this requirement. Doc. No. 74 at 4–5.

Plaintiff argues that there are several genuine disputes of material fact which preclude summary judgment. Plaintiff lists the following as genuine disputes of material fact: (1) the Court lacks Title VII jurisdiction because all parties have not consented; (2) Defendant has requested attorney's fees; and (3) Plaintiff does have enough experience to qualify as an OTR driver. Doc. No. 76 at 2–6.

Plaintiff's first two objections are irrelevant to the issue of summary judgment. The magistrate judge had jurisdiction to handle all pretrial matters and to submit proposed findings of fact and recommendations for the disposition of various types of motions, including motions for summary judgment. 28 U.S.C. §§ 636(b)(1)(A), 636(b)(1)(B). Similarly, Defendant's request for

attorney's fees, as part of its motion to compel, does not raise a genuine issue of material fact on Plaintiff's Title VII claim. Plaintiff contends that "voluntary involvement by attorneys in matters involving interstate commerce was abolished by the abolition of interstate commerce commission in 1994." Doc. No. 76 at 3. Plaintiff appears to be making some argument based on the Interstate Commerce Commission, a regulatory agency that was abolished in 1995. Whatever Plaintiff's exact argument, it is inapplicable to the current facts. Indeed, as a corporation, Defendant is not only entitled to an attorney, but can *only* appear in federal court through an attorney. *Southwest Exp. Co., Inc. v. I.C.C.*, 670 F.2d 53, 56 (5th Cir. 1982) ("[Defendant], as a corporation, cannot appear in proper person as a corporation or through its corporate officer, under settled interpretations applicable to 28 U.S.C. § 1654. It can enter an appearance in this court only through an attorney admitted to practice before this court."). Accordingly, neither of these objections raises a genuine issue of material fact as to Plaintiff's Title VII claim.

The only objection that touches on the issue of qualifications is Plaintiff's claim that he does have enough experience to be an OTR driver. Doc. No. 76 at 4. Plaintiff alleges that he has 2,000,000 miles of OTR driving experience, 40 years of administrative and mechanical experience, and 423 hours of various course testing. *Id.* Additionally, Plaintiff now claims that he did receive 40 hours of refresher training at El Dorado Trucking, but that he does not have access to the documents. *Id.* at 4–5. Despite his current claim that he did complete the refresher course, Plaintiff has still not produced any evidence of completion. Instead, Plaintiff offers two new pieces of evidence: (1) a hazmat certification; and (2) a road test certification given in January 2012. Doc. No. 78 at 2–3. Neither document is proof that Plaintiff ever completed the required 40-hour refresher course. Moreover, Plaintiff does not contend that he ever gave USA Truck any proof that he completed the course. In fact, Plaintiff has specifically stated that he did not present

it to USA Truck because he did not have access to it.[1] Doc. No. 46 at 4–5. Thus, there is still no basis that USA Truck acted with a discriminatory purpose.

In light of the foregoing, it is

**ORDERED** that Defendant USA Truck, Inc.'s Second Motion for Summary Judgment is **GRANTED**. The Title VII claim against USA Truck, Inc. is **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 9th day of July, 2014.**

_____
LEONARD DAVIS
UNITED STATES DISTRICT JUDGE

---

[1] In support, Plaintiff cites generally to Part 391 of the Federal Motor Carrier Safety Regulations and Rules. Doc. No. 76 at 4–5. It is not clear what provision Plaintiff is relying on to withhold this information. Part 391.21(b) sets out several categories of information that every application must request. Additionally, it states that "[a] motor carrier may require an applicant to provide information in addition to the information required by paragraph (b) of this section on the application form." 49 C.F.R. §§ 391.21(b)(11)–(12), (c).